UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

DANIEL W.[1]

        Plaintiff,

v.

COMMISSIONER,
Social Security Administration,

        Defendant.

Case No. 6:18-cv-00805-JO

OPINION AND ORDER

JONES, Judge:

       Daniel W. (Plaintiff) seeks judicial review of the final decision by the Commissioner of Social Security (Commissioner) denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act (the Act). This court has jurisdiction to review the

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member(s).

1 - OPINION AND ORDER

Commissioner's decision pursuant to 42 U.S.C. § 405(g). I reverse the Commissioner's decision and remand for an immediate award of benefits.

## PROCEDURAL BACKGROUND

In 2011, Plaintiff applied for SSI, alleging disability because of diabetes, chronic pancreatitis, major depressive disorder, and anxiety disorder. After the agency denied Plaintiff's application for SSI, Plaintiff received a hearing before an Administrative Law Judge (ALJ) in 2013. The ALJ found Plaintiff not disabled. Tr. 25-34. The Appeals Council denied Plaintiff's request for review and Plaintiff sought judicial review. Civ. No. 6:15-cv-01452-AA. This Court then remanded the case based on the parties' stipulation. Tr. 621-23.

The case was remanded to the ALJ who had originally presided over the case. After a hearing, the ALJ found Plaintiff not disabled. Tr. 511-31. The Appeals Council declined jurisdiction and Plaintiff timely sought judicial review.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). When the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's decision if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

# THE ALJ'S FINDINGS ON THE FIVE-STEP SEQUENTIAL INQUIRY

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the ALJ uses a five-step sequential inquiry. *See* 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 2011, the application date. Tr. 513.

At step two, the ALJ found Plaintiff had the following severe impairments: "diabetes mellitus; chronic pancreatitis; major depressive disorder; generalized anxiety disorder (GAD); unspecified anxiety disorder; and post-concussive disorder." Tr. 514.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 514. The ALJ then assessed Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a), except that he should be allowed to alternate sitting or standing positions as needed throughout the day, while remaining on task. The claimant is limited to no more than occasional bilateral pushing or pulling. The claimant is limited to no more than occasional bilateral foot control operation. The claimant is limited to no climbing. The claimant is limited to no balancing, stooping, kneeling, crouching, or crawling. The claimant is limited to no more than occasional bilateral reaching. The claimant [*sic*] to no more than frequent bilateral handling, fingering, or feeling. The claimant is limited to understanding and carrying out simple instructions in a work environment with few workplace changes. The claimant is limited to no interaction with the general public, and no more than occasional interaction with coworkers and supervisors.

Tr. 515.

At step four, the ALJ found Plaintiff could not perform any past relevant work. Tr. 529.

At step five, the burden of production shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience. *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); 20 C.F.R. § 416.960(c)(2) (agency is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do"). Based on the testimony of a vocational expert at the hearing, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy, including surface machine operator and stenciler. Tr. 530. The ALJ therefore found Plaintiff had not been disabled since November 2011.

## DISCUSSION

Plaintiff contends that substantial evidence does not support the ALJ's finding that Plaintiff could work at the two jobs identified by the vocational expert. I agree.

## I. Background

At the first hearing, the vocational expert identified jobs that required "frequent abilities in handling, fingering and feeling," despite the ALJ's finding that Plaintiff could perform only "occasional bilateral reaching, handling, fingering, and feeling." Tr. 511. Because of this discrepancy, substantial evidence did not support the ALJ's finding that Plaintiff was not disabled. Tr. 511; *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988) (if ALJ presents a hypothetical to the vocational expert that does not include all of the claimant's limitations, the vocational expert's testimony cannot support a finding that the claimant can perform jobs).[2]

On remand, the ALJ found that Plaintiff was limited to unskilled sedentary work, which "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like

---

[2] The Appeals Council also remanded because the ALJ had failed to address Plaintiff's need for frequent breaks to urinate. Tr. 511.

docket files, ledgers, and small tools." 20 C.F.R. § 416.467(a). The next higher level of exertion, light work, "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.467(b).

The ALJ also found that Plaintiff could not perform the full range of unskilled sedentary work because he was restricted to only occasional bilateral pushing, pulling, or reaching, and was precluded from any climbing, balancing, stooping, kneeling, crouching, or crawling. Tr. 515. The ALJ also found that Plaintiff was limited to work requiring only simple instructions; only occasional interaction with coworkers and supervisors; and no interaction with the general public. Tr. 515.

At the hearing, the vocational expert initially testified that a hypothetical individual with Plaintiff's age, education, and RFC could perform three sedentary jobs: document preparer, eyeglass assembler, and jewelry preparer. Tr. 569-70. The vocational expert relied on the job descriptions in the Dictionary of Occupational Titles (DOT), which uses the same definitions for sedentary and light work as the Social Security regulations. 20 C.F.R. § 416.467. However, when Plaintiff's attorney noted that Plaintiff's RFC allowed only occasional repetitive hand motions, the vocational expert testified the three sedentary jobs "would be ruled out." Tr. 572.

After eliminating the sedentary jobs, the vocational expert consulted the DOT and opined that a person with Plaintiff's RFC could work as a surface machine operator, which involves tending a machine that heats the surface of granite slabs to create a pebbled texture, and as a stenciler, which involves using stencils to place identifying marks on packaging or products. The vocational expert testified that although the two jobs required only minimal lifting, the DOT classified the jobs as light rather than sedentary because of the "production pace" required. Tr. 574. The DOT explains that surface machine operator and stenciler are classified as light work

because "[e]ven though the weight lifted may be only a negligible amount, a job should be rated Light Work . . . when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible." DOT 679.685-018, thermal surfacing machine operator, 1991 WL 678082; DOT 659.685-026, stenciler, 1991 WL 688004. The ALJ concluded that Plaintiff was not disabled because Plaintiff could work as a surface machine operator and a stenciler. Tr. 530.

## II. Discussion

At the fifth step of the sequential process, the Commission has the burden of producing evidence that the claimant can work in other jobs. 20 C.F.R. § 416.960(c)(2). I conclude that the Commissioner has failed to meet her burden, requiring reversal.

The ALJ found Plaintiff could perform two jobs requiring *light* work, despite determining in the RFC that Plaintiff could perform only a limited range of unskilled *sedentary* work.[3] At the hearing, the vocational expert testified that the two light jobs he identified "would meet the hypothetical" because they could be "perform[ed] while seated." Tr. 573. The vocational expert stated that his testimony was consistent with the DOT, with exceptions not relevant here. Tr. 579. In her decision, the ALJ relied on the vocational expert's testimony that although both jobs were classified as light, "neither required that the individual remain standing." Tr. 530.

I conclude that the ALJ's finding that Plaintiff could perform the two jobs requiring light work is not supported by substantial evidence. The vocational expert testified, consistently with the DOT, that the DOT classified the two jobs in question as light work because of the production pace required of the worker. Tr. 574. The DOT states that "working at a production rate pace

---

[3] In her decision, the ALJ stated that the job of stenciler required only sedentary exertion. Tr. 530. This appears to be a clerical error because the vocational expert agreed with the DOT that the stenciler job required light exertion. Tr. 574 (vocational expert testified that the stenciler job is "light, unskilled").

6 - OPINION AND ORDER

entail[s] the constant pushing and/or pulling of materials even though the weight of those materials is negligible." DOT, App. C. The DOT's description of light work shows that a worker must maintain the required production pace regardless of whether the worker is allowed to remain seated. The ALJ did not find that Plaintiff could work at the production pace required, and the vocational expert testified that "a person who would not be able to keep up a production pace type pace would not be able to perform these jobs." Tr. 575-76; Tr. 574 (vocational expert testified that the "two jobs are customarily performed at light duty primarily because of their production pace"). Because the ALJ found that Plaintiff was limited to sedentary work with "no more than occasional bilateral pushing or pulling," the ALJ "necessarily found he could not work at the light production pace required by those two jobs." Pl.'s Reply Br. 4 (emphasis deleted), ECF No. 21. I conclude that the ALJ committed harmful error in finding that Plaintiff could perform two jobs requiring a light work production pace.

### III. Remand for an Immediate Award of Benefits

When a court finds that the ALJ committed harmful error, the court may modify or reverse the Commissioner's decision "'with or without remanding the case for a rehearing.'" *Garrison,* 759 F.3d at 1019 (quoting 42 U.S.C. § 405(g)). I conclude no outstanding issues remain to be resolved, so granting a second remand would not serve any useful purpose. *Garrison,* 759 F.3d at 1021; *see Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."). In light of this conclusion, I need not address Plaintiff's other assignments of error.

/ / /

/ / /

## CONCLUSION

The decision of the Commissioner is REVERSED and this case is REMANDED for an immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED November 25, 2019.

*[signature]*
Robert E. Jones
United States District Judge